IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2025

## BENJAMIN CURTIS MCCURRY v. AGNESS BANDA MCCURRY

**Appeal from the Circuit Court for Washington County**
**No. 42482     D. Kelly Thomas, Jr., Senior Judge[1]**

_____

### No. E2023-01661-COA-R3-CV

_____

This appeal arises from an order of protection issued against the appellant/defendant, Agness McCurry, in Washington County Circuit Court case 42482. Although the defendant raises numerous issues and the record contains numerous documents that pertain to other cases filed in the general sessions and circuit court of Washington County, as well as federal court, in which defendant sued almost every judge in Washington County, this opinion is limited to Washington County Circuit Court case 42482. The defendant contends the order of protection was issued in violation of Tennessee law, constitutional due process, and judicial conduct standards. Finding no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which KENNY ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Agness Banda McCurry, Hercules, California, Pro Se.

Benjamin Curtis McCurry, Johnson City, Tennessee, Pro Se.

### OPINION

#### FACTS AND PROCEDURAL HISTORY

This case stems from a Petition for Order of Protection filed in the Circuit Court of Washington County by Benjamin Curtis McCurry, ("Plaintiff"), in October of 2023, as amended on November 3, 2023, against Agness Banda McCurry ("Defendant"). The

_____

[1] Judge Thomas was designated and assigned to hear the case, pursuant to Title 17, Chapter 2, Part 1 of the provisions of Tennessee Code Annotated, and Rule 11 of the Rules of the Supreme Court, by Chief Justice Holly Kirby pursuant to an order entered on November 3, 2023.

petition alleged that Plaintiff, his wife and three children residing in his home[2] need protection from Defendant. In pertinent part the petition alleged that Defendant and Plaintiff had been married, they formerly lived together, they have a child together, "[Defendant] has stalked [Plaintiff]," and she has committed "violence towards [Plaintiff]."[3] A temporary order of protection was issued on October 27, 2023, and the case was originally set for an evidentiary hearing to be held on November 13, 2023, but was rescheduled for November 20, 2023.

Pursuant to an order entered on November 1, 2023, the Presiding Judge of the First Judicial District, Judge Stacy Street, requested a replacement judge due to all judges of the judicial district having recused themselves from hearing any matters at issue in this case. By order entered on November 3, 2023, Senior Judge D. Kelly Thomas, Jr. was assigned to hear this case pursuant to Title 17, Chapter 2, Part 1 of the provisions of Tennessee Code Annotated and Rule 11 of the Rules of the Supreme Court by Supreme Court Chief Justice Holly Kirby.

On November 17, 2023, Defendant filed a motion to recuse Judge Thomas. The motion asserted, inter alia:

> Senior Judge D. Kelly Thomas Jr. was fraudulently designated by an Order of recusal submitted by Judge Stacy Street, Criminal Court judge, who never presided over Benjamin's original order of protection (OOP) #42842. The OOP was granted by General Sessions Judge Janet Hardin that lacked subject matter jurisdiction because the OOP was filed in Circuit Court.[4] Judge Hardin was supposed to recuse or dismiss the original OOP then submit her recusal with the Administrative Office of the Courts; She never did that. Judge Street violated Supreme Court Rule 10B and Due Process. His actions were a violation of RICO (Racketeer Influenced and Corrupt Organizations Act).

The recusal motion was supported by an affidavit. The factual basis for recusal, as stated in the motion, reads:

---

[2] One of the children is the child of Defendant and Plaintiff. The other two are the children of Plaintiff's wife. All three children reside with Plaintiff and his wife. Their ages range from six to ten years old.

[3] An amended petition was filed on November 3, 2023.

[4] Defendant has been a party to numerous cases in Washington County courts since 2017 involving these parties and similar issues. Here, Defendant is referring to an order of protection proceeding in another case because Judge Hardin has not participated in the case at bar.

Agness asserts good cause for Judge Thomas Jr to recuse and disqualify himself from all of her proceedings due to the latest act of fraud on the Court perpetrated and spearheaded by Defendants Judge Stacy Street *et al* that Agness is suing in 2:23-CV-29. *See* Copy of Motion and Response to Dismiss Benjamin's 00P. Agness bases her reasons for recusal alongside her motion to dismiss Benjamin's OOP that was fraudulently obtained by violations to subject matter and personal jurisdiction regarding Benjamin, Agness [and the three children]. . . .

Judge Hardin granted Benjamin's original OOP; She never dismissed it at all. Judge Hardin is a General Sessions judge that granted an OOP filed in the Circuit Court. This was fraudulent. Judge Stacy Street alleged that he was the presiding judge that granted the OOP but this was false. Judge Stacy's actions were also fraudulent. Judge Stacy Street, Benjamin, Counsel Phillips, Amy Briggs *et al* from 2:23-CV-29 devised a scheme to unlawfully incarcerate Agness and kidnap [her child with Defendant] through the Courts. Judge Stacy Street *et al* needed Senior Judge D. Kelly Thomas to perpetrate the criminal act because he knows that Agness filed a lawsuit against Judge Thomas Jr. 2:23-CV-00130. Judge Thomas Jr's impartiality is extremely compromised given the latest IUCO [sic] violation by Judge Stacy Street *et al* from federal lawsuit 2:23-CV-29. Recusal is warranted because Agness parental rights and rights as a criminal Defendant will be harmed by Judge Thomas Jr.'s presence in her cases. Judge Thomas Jr. must acknowledge the fact that he wasn't properly designated to preside over Benjamin's OOP because Judge Hardin is the original judge; She was required to either recuse herself or dismiss Benjamin's OOP for lack of subject matter jurisdiction.

Judge Hardin learned about Judge Stacy's actions on November 15th 2023 in another proceeding *Stoneybrooke LLC v. Agness Mccurry*, CV 75973. Judge Hardin recused herself and let Judge Lincoln preside over the matter. Judge Hardin even thanked Agness for providing her with Judge Stacy Street *et al* recusal order. Fraud on the Court occurred due to the actions of third parties namely Judge Stacy Street *et al*. The actions of the Defendants in 2:23-CV-29 motivated them to obstruct justice in Agness divorce case and overall other cases. Judge Thomas Jr. must recuse himself because the Defendants have an agenda for him to harm Agness and [her child with Defendant] due to their hatred of the federal lawsuit 2:23-CV-29. The Defendant judges stated in their fraudulent recusal Order that the lawsuit is still "pending." As far as Agness is concerned now Judge Thomas Jr.'s impartiality is greatly compromised knowing that Agness also filed a federal lawsuit against him 2:23-CV-00130. Magistrate Wyrick acknowledged this lawsuit and recused herself. *See* Copy of Order of Recusal by Magistrate

- 3 -

Wyrick. Judge Thomas must follow suit for the administration of justice and preservation of federal and state law.

On November 20, 2023, three days after the motion was filed, Judge Thomas denied the recusal motion pursuant to an order, which reads in pertinent part:

> This cause came on for consideration on November 20, 2023, of Defendant Agness McCurry's motion filed November 17, 2023, to recuse the undersigned, Senior Judge D. Kelly Thomas. Jr., pursuant to Supreme Court Rule 10B, and Defendant's notice of additional filings filed November 20, 2023.
>
> In her motion, Defendant alleges that the undersigned was "fraudulently designated by an Order of recusal submitted by Judge Stacy Street." Judge Street filed an order of recusal on behalf of the judges and chancellor of the First Judicial District on November 1, 2023. This order does not purport to designate anyone in this case. On November 3, 2023, Chief Justice Holly Kirby designated the undersigned to hear and decide this case.
>
> Defendant McCurry has raised no valid ground for recusal. She has identified no facts or circumstances establishing or suggesting that the undersigned's impartiality might reasonably be questioned. The undersigned has no personal bias or prejudice concerning Ms. McCurry, nor any personal knowledge of facts that are in dispute in this proceeding. The motion to recuse is so thoroughly unsupported by any alleged facts or law that it is deemed to be frivolous. Therefore, Defendant's motion to recuse is hereby DENIED.

Although the motion is not in the record, thus the date of its filing is uncertain, it is undisputed that Defendant filed a motion for Zoom access for the pending evidentiary hearing that was set for November 20, 2023.[5] By order entered on November 17, 2023, Judge Thomas denied Defendant's "Motion for Zoom Access for Hearing." The order reads in pertinent part:

> This cause came on for consideration this 17th day of November, 2023 upon the defendant's motion for Zoom access for the Order of Protection hearing set for November 20, 2023 at 1:30 p.m. in courtroom #4.

---

[5] The record does, however, contain a "resubmission" of the motion for Zoom access, which was filed on November 20, 2023. Moreover, Defendant's Reply Brief in this appeal identifies two reasons for the motion. One is that she was unable to attend the November 20, 2023, hearing "because her vehicle was repossessed." The other is that her witness, Etha Jones, resided in California.

- 4 -

The defendant's motion fails to set forth any circumstance that would prevent her from appearing at the date and time set forth in the order and notice filed in this matter on November 3, 2023. Therefore, the motion is DENIED.

The evidentiary hearing on the petition was heard as scheduled on the afternoon of November 20, 2023. Following the hearing the court issued the Order of Protection that is at issue in this appeal. This appeal followed.

## ISSUES

Defendant presents several issues on appeal. Those issues may be summarized as Defendant herself states in her Reply Brief:

This appeal arises from a fundamentally flawed Order of Protection (OOP) that was issued in violation of Tennessee law, constitutional due process, and judicial conduct standards. The trial court lacked subject matter and personal jurisdiction, acted while a Rule 10B recusal motion was pending, and deprived Agness McCurry of her right to present a defense and key witness testimony. These errors are not harmless; they go to the heart of the fairness and legality of the proceeding. For these reasons, the OOP must be vacated, and the case remanded with direction that Judge Thomas Jr. be recused.

For his part, Plaintiff contends that the circuit court's orders should be affirmed in all respects.

## ANALYSIS

### I. THE APPOINTMENT OF JUDGE THOMAS

Defendant contends that the appointment of Judge Thomas was unlawful; thus, all of his decisions are a nullity. This argument is based on Defendant's contention that Judge Stacy Street, acting in his capacity as the Presiding Judge of the First Judicial District, "failed to indicate that he contacted: 1) The Presiding Judges with the other 'contiguously located judicial districts' or 2) Sought interchange with other trial judges within 'adjoining judicial districts.'" This argument is based upon Defendant's understanding of Tennessee Code Annotated § 16-2-509(d) as well as Tenn. Sup. Ct. R. 11, Section VII(c)(3). We have determined that Defendant's reliance on the statute and rule is misplaced because they do not apply in the context of judicial recusals.

The statutory scheme she referenced pertains to the general duties of the presiding judge of a judicial district to reduce docket delays, maintain equitable distribution of the workload within the district, promote orderly and efficient administration of justice, and to take affirmative action to correct or alleviate caseload imbalances. *See* Tenn. Code Ann. §

16-2-509(d). However, the statute has no application when all judges within the judicial district recuse themselves.[6] Moreover, Supreme Court Rule 11 has no application in the context of judicial recusals. Instead, Section 1.04 of Supreme Court Rule 10B applies and the record reveals that Judge Street complied with Rule 10B by seeking the appointment of a special judge. Furthermore, it was Supreme Court Chief Justice Holly Kirby who designated Judge Thomas to hear and decide this case, and that is what Judge Thomas has done. Accordingly, and contrary to Defendant's arguments, the appointment of Judge Thomas was lawful.

## II. MOTION TO RECUSE

As the Tennessee Supreme Court has explained regarding recusals:

"Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757–58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.

To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).

Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564–65).

---

[6] Defendant also relies, in part, on Tennessee Code Annotated § 17-2-110 but that statute also has no relevance to the matter at issue.

The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns & Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878–79 (Tenn. 2023) (per curiam).

Tennessee Supreme Court Rule 10B states, in pertinent part:

1.01. Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In the case at bar, Defendant filed a motion for recusal that was based on facts unrelated to Judge Thomas. As stated in her affidavit in support of the motion to recuse Judge Thomas, Defendant's complaints pertain to the alleged acts and omissions of others, such as Presiding Judge Stacy Street in the appointment process, and the validity of his appointment by Chief Justice Kirby. And as Judge Thomas stated in his order denying the motion for his recusal,

In her motion, Defendant alleges that the undersigned was "fraudulently designated by an Order of recusal submitted by Judge Stacy Street." Judge Street filed an order of recusal on behalf of the judges and chancellor of the First Judicial District on November 1, 2023. This order does not purport to designate anyone in this case. On November 3, 2023, Chief Justice Holly Kirby designated the undersigned to hear and decide this case.

Defendant McCurry has raised no valid ground for recusal. She has identified no facts or circumstances establishing or suggesting that the undersigned's

impartiality might reasonably be questioned. The undersigned has no personal bias or prejudice concerning Ms. McCurry, nor any personal knowledge of facts that are in dispute in this proceeding. The motion to recuse is so thoroughly unsupported by any alleged facts or law that it is deemed to be frivolous. Therefore, Defendant's motion to recuse is hereby DENIED.

As noted above, the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Adams v. Dunavant*, 674 S.W.3d at 878 (citing *Tarver v. Tarver*, 2022 WL 1115016, at \*2). Recusal is required if "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Id.* (citing *Cook*, 606 S.W.3d at 255) (quoting *Davis*, 38 S.W.3d at 564–65). Defendant has failed to carry her burden of proof.

Accordingly, we affirm the decision to deny the motion seeking the recusal of Judge Thomas.

## III. RULE 10B

Defendant contends that Judge Thomas violated Rule 10B by ruling on the order of protection prior to the entry of the order denying her recusal motion. Although both orders were entered on the same day, November 20, 2023, Defendant contends the recusal order was entered approximately one hour later than the order of protection.[7]

Tennessee Supreme Court Rule 10B states, in pertinent part:

1.02. *While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case,* except for good cause stated in the order in which such action is taken.

1.03. *Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion.* If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.

---

[7] The record does not indicate the exact order in which the court announced its separate rulings or when the orders were approved, meaning when they were signed by the judge. We note this circumstance because the entry of orders is controlled, in part, by the circuit court clerk's staff. Because both orders were entered on the same day, we acknowledge that the trial court may have signed the recusal order first although it appears to have been entered, time stamped, last.

(Emphasis added.)

Defendant's motion to recuse Judge Thomas was filed on November 17, 2023. Three days later, pursuant to an order entered on November 20, 2023, Judge Thomas denied the motion for his recusal. Thus, Judge Thomas complied with Section 1.03 by promptly ruling on the motion by written order. Nevertheless, Defendant contends that he improperly ruled on the order of protection before the entry of the recusal order.

Both orders were entered on the same day; however, Defendant argues that the recusal order was entered one hour after the order of protection. Based on these facts, Defendant insists Judge Thomas violated Rule 10B; thus, she contends, the order of protection is void and should be vacated.

A similar Rule 10B issue was discussed in *In Re Conservatorship of Tate,* No. M2012-01918-COA-10B-CV, 2012 WL 4086159 (Tenn. Ct. App. Sept. 17, 2012). In that matter, the former conservatorship ward filed an interlocutory appeal regarding the trial court's denial of the ward's motion for recusal. We affirmed the trial court's decision to deny recusal, determining that there existed no reasonable basis to question the judge's impartiality. *Id.* at *3. Nevertheless, the ward contended that the trial court violated Section 1.02 of Rule 10B by ruling on another motion while the motion to recuse was pending. *Id.* Discerning no reversable error, we explained:

> Tenn. Sup.Ct. R. 10B § 1.02 provides that while the motion for recusal is pending "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." The trial court heard both the motion for recusal and motion to sell on the same date and ruled on both from the bench. However, the order on the motion to sell was entered several days before the order denying the motion for recusal. *The better practice would have been to enter the order denying the motion for recusal before entering the order on the motion to sell. Under these specific circumstances, however, we cannot conclude that the trial court violated Tenn. Sup.Ct. R. 10B § 1.03. In any event, the issue is moot in light of our decision affirming the denial of the motion for recusal.*

*In re Conservatorship of Tate,* 2012 WL 4086159 at *3 (emphasis added).

The facts at issue here are substantially similar, although both orders were entered on the same day in the case at bar. Moreover, we have affirmed Judge Thomas's decision to deny the recusal motion. Accordingly, as was the case in *Tate*, "the issue is moot in light of our decision affirming the denial of the motion for recusal." *Id*.

IV.     THE ZOOM ORDER

- 9 -

We now turn our attention to Defendant's contention that Judge Thomas erred by denying her motion for her and her witness to participate at the hearing via Zoom.

A trial court's ruling concerning whether a party or witness may participate in a hearing in person is a discretionary decision, and we review a trial court's denial of a motion to participate in person under an abuse of discretion standard. *See In re Nevaeh K.*, No. E2023-01106-COA-R3-PT, 2024 WL 837943, at *10 (Tenn. Ct. App. Feb. 28, 2024) (citing *In re Adoption of S.T.D.*, No. E2007-01240-COA-R3-PT, 2007 WL 3171034, at *12 (Tenn. Ct. App. Oct. 30, 2007)). A motion to participate in a hearing via Zoom is akin to a motion to participate in person. Thus, we shall review this issue pursuant to the abuse of discretion standard.

"A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

The stated basis for Defendant's motion was that her car had been repossessed and, as a consequence, she could not attend the hearing in person; thus, she needed to participate via Zoom. Judge Thomas denied her motion stating, in pertinent part:

> This cause came on for consideration this 17th day of November, 2023 upon the defendant's motion for Zoom access for the Order of Protection hearing set for November 20, 2023 at 1:30 p.m. in courtroom #4.
>
> The defendant's motion fails to set forth any circumstance that would prevent her from appearing at the date and time set forth in the order and notice filed in this matter on November 3, 2023. Therefore, the motion is DENIED.

Defendant's motion and her arguments on appeal fail to establish that Judge Thomas applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice. *See Eldridge*, 42 S.W.3d at 85; *see also State v. Shirley*, 6 S.W.3d at 247. Thus, the trial court did not abuse its discretion by denying Defendant's Zoom motion.

## CONCLUSION

For the reasons stated above, the judgment of the circuit court is affirmed in all respects. Costs of this appeal are assessed against the appellant, Agness McCurry, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.